UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CARL-EUGENE PERTUSET, et al.,  Case No. 1:14-cv-321

    Plaintiffs,

    vs.

Barrett, J.
Bowman, M.J.

FARM CREDIT MID-AMERICA, et al.,

    Defendants.

**REPORT AND RECOMMENDATION**

This action arises out of commercial loan and lease transactions between Plaintiffs Carl and Vera Pertuset and Defendants Farm Credit Services of Mid-America, PCA, American Savings Bank, FSB and Quality Car & Truck Leasing, Inc.  This matter is now before the Court on Defendants' motions to dismiss, as well as Plaintiffs' motions to amend their complaint.  This matter has been referred to the undersigned for a Report and Recommendation consistent with Fed. R. Civ. P. 72(b).

**I. BACKGROUND AND FACTS**

Court records from Scioto County, Ohio indicate more than sixteen trial or appellate cases involving these same parties.  Notably, On June 5, 2009, Defendant Farm Credit Services of Mid-America, PCA ("Farm Credit") filed a Complaint in the Scioto County Common Pleas Court (Case No. 09-CIE-00140) seeking monetary judgment on three Promissory Notes, to foreclose a Mortgage, and enforcement of certain security interests. (Doc. 14, Ex. A, Court Docket).  American Savings Bank ("ASB") was named as a defendant in that state court action pursuant to its Mortgage on

the property at issue in that case, i.e. the real property known as 82 Jacquays Run Road, McDermott, Ohio.

In response to the Farm Credit Complaint, ASB filed an Answer and Cross-Claim on June 30, 2009. On February 18, 2011, the Scioto County Common Pleas Court filed a Judgment Entry granting ASB's Motion for Summary Judgment. On August 9, 2011, the trial court filed a Judgment Entry memorializing its Decision on the Motion for Summary Judgment, granting monetary judgment in favor of ASB, and determining that ASB was entitled to proceed with the foreclosure. The Court also filed a Decision and Judgment Entry on August 17, 2011, indicating that the other pleadings filed by Plaintiffs were filed after the entry of judgment, and the Court would not be ruling on those pleadings. Thereafter, Plaintiffs filed a Notice of Appeal (Case No. 11CA3443) indicating that they were appealing certain rulings from the trial court. After full briefing, and oral argument, the Court of Appeals affirmed the trial court Orders.

ASB also filed its own Complaint against the Plaintiffs on May 20, 2010 (Case No. 10-CIE-00143), alleging causes of action on four Promissory Notes and three Mortgages. (Doc. 14, Ex. C). On October 12, 2010, ASB filed a Motion for Summary Judgment on its claims against Plaintiffs, as well as ASB's claims against a related entity known as McDermott Industries, LLC. On January 10, 2011, the trial court filed a Decision and Judgment Entry granting ASB's Motion for Summary Judgment, entering monetary judgment in favor of ASB, and against Plaintiffs, and granting ASB's request for foreclosure.

In response to several pleadings filed by Plaintiffs, the trial court, by Judgment Entry filed on August 9, 2011, memorialized the trial court's grant of summary judgment,

journalizing the award of monetary damages, and determining that ASB was entitled to foreclosure of its mortgages. The trial court filed a subsequent Decision and Judgment Entry in regards to the other pleadings filed by Plaintiffs, indicating that the Court will not rule on the recent pleadings filed by Plaintiffs because the Court had already entered judgment.

Thereafter, Plaintiffs appealed the trial court's Decision to the Scioto County Court of Appeals (Case No. 11CA3442). (Doc. 14, Ex. D). The issues addressed in that Decision include real party interest, privity of contract, amount of damages, the affidavit submitted by ASB to the trial court, whether ASB possessed the original Notes, Making Home Affordable Program, Truth in Lending Act, Housing and Economic Recovery Act of 2008, and other similar issues. After full briefing, and oral argument, the Court of Appeals affirmed the Orders of the trial court.

On November 14, 2012, property located at 82 Jacquays Run Road and State Route 73, McDermott, Ohio, was sold at Sheriff's Sale to third-parties. While there was an attempt to vacate the trial court's grant of summary judgment, and there was a subsequent appeal by Plaintiffs to the Scioto County Court of Appeals. The Court of Appeals determined that the trial court's vacating of the prior summary judgment grant was void, and remanded the matter to the trial court. Thereafter, in April 2014, the third-party purchasers of the property filed a motion to confirm the sale.

Plaintiffs' then filed the instant action against Defendants American Savings Bank, FSB, Farm Credit Services of Mid-America, PCA, and Quality Car & Truck Leasing, Inc. Plaintiffs' complaint asserts claims for negligence, wrongful foreclosure, frivolous contract, unjust enrichment, quiet title, slander of title and deceptive trade

3

practices. For relief, Plaintiffs seek an injunction prohibiting the sale and seizure of the property, an Order to quit title in favor of Plaintiffs, and compensatory and punitive damages. Defendants have moved to dismiss Plaintiffs' complaint. For the reasons outlined below, the undersigned finds that Plaintiffs' complaint should be dismissed for lack of subject matter jurisdiction.

## II. ANALYSIS

### A. Standard of Review

A party seeking to invoke the jurisdiction of a federal court must establish that the court has subject matter jurisdiction over its claims. *Trusted Integration, Inc. v. United States*, 659 F.3d 1163. If this burden of proof is not met, the case must be dismissed. *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir.1996). Federal Rule of Civil Procedure 12(b)(1) allows dismissal for "lack of jurisdiction over the subject matter" of claims asserted in the Complaint. The determination of whether to grant a motion to dismiss "starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim." *Holley v. United States*, 124 F.3d 1462; *see also Bell Atl. Corp.*, 550 U.S. 554.

### B. Plaintiffs' claims are barred by the Rooker Feldman doctrine

The *Rooker–Feldman* doctrine prohibits federal courts, other than the United States Supreme Court, from performing appellate review of state court rulings. *Lawrence v. Welch,* 531 F.3d 364, 368 (6th Cir.2008); *see also Givens,* 278 F. App'x 607, 608–09 (6th Cir.2008) ("Pursuant to [the *Rooker–Feldman* ] doctrine, lower federal courts lack subject matter jurisdiction to review the decisions of state courts."). Here, the primary relief requested by Plaintiffs is to enjoin Defendants from seizing and/or selling

Plaintiffs' property and to quite title in their favor. Under nearly identical facts, the Sixth Circuit has determined that such an action was properly dismissed pursuant to *Rooker-Feldman*. See *Givens v. Homecomings Fin.*, 278 F. App'x 607, 609 (6th Cir. 2008) (affirming dismissal under Rooker-Fedlman where the primary relief that [Givens] requests in his complaint is a temporary injunction that would "enjoin Defendants from physically entering onto plaintiff[']s property" and that would "dispos[e] ... of any other civil or procedural action regarding the subject property.").

In response to Defendants' motion to dismiss, Plaintiffs assert that this Court has jurisdiction pursuant to the First, Fourth and Fifth Amendments to the United States Constitution, and also pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq., and 15 U.S.C. §1681p, et seq. Plaintiffs' complaint, however, fails to contain any factual allegations establishing a constitutional violation and/or a violation of the FDCPA. As detailed above, Plaintiffs' seek an Order from this Court that the state court judgment be voided and title to the property transferred to them. Any review of the claims asserted in this context would require the court to review the specific issues addressed in the state court proceedings against them. This court lacks subject matter jurisdiction to conduct such a review or grant the relief as requested. *Feldman,* 460 U.S. at 483–84 n. 16; *Catz,* 142 F.3d at 293.

Furthermore, Plaintiffs' request for this Court to stay the state court proceedings is prohibited pursuant to the Anti–Injunction Act. *See* 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."); *see also E3A v. Bank of Am., N.A.,* No. 13–

5

10277, 2013 U.S. Dist. LEXIS 38251, 2013 WL 784339 (E.D.Mich. Mar. 1, 2013) (finding plaintiff's request to stay writ of eviction in the 36th District Court prohibited pursuant to the Anti–Injunction Act) (citing *Cragin v. Comerica Mortgage Co.,* No. 94-2246, 1995 U.S.App. LEXIS 37089, at *1, 1995 WL 626292 (6th Cir. Oct. 24, 1995) (finding that the Anti–Injunction Act "generally precludes federal injunctions that would stay pending foreclosure proceedings in the state courts.")).

Accordingly, the undersigned finds that the Court lacks' subject matter jurisdiction over Plaintiffs' claims, and therefore, this matter should be dismissed.[1]

### C. Plaintiffs' motions to amend are not well-taken

Plaintiffs also seek to amend their complaint. (*See* Docs. 10, 19). Notably, "federal Rules of Civil Procedure 15(a)(2) states that the Court should freely give leave to amend 'when justice so requires.' Nevertheless, leave may be denied when there has been undue delay, bad faith, a repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, or when the proposed amendment would be futile." *Hobart v. Waste Management of Ohio, Inc.,* 923 F.Supp.2d 1086, 1098 (6th Cir. 2013), citing *Foman v. Davis*, 371 U.S. 178, 182 (1962). According to the Supreme Court, prejudice to the opposing party is a key factor to be considered when deciding whether to grant leave to amend. *Zenith Radio Corp.v. Hazeltine Research, Inc.,* 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971). Furthermore, leave to amend should not be granted when the amendment would be futile, because it would fail to

---

[1] In addition, on May 28, 2014, Farm Credit was granted judgment against the Pertusets and McDermott Industries, LLC in a parallel case pending in the Common Pleas Court of Scioto County, Ohio. As such, because the the State Court adjudication of the matter is complete, Farm Credit also asserts that Plaintiffs' claims against it in this action are barred by the doctrine of res judicata. (Doc. 25). Farm Credit's contentions are well-taken.

state a claim. *See, e.g., Cloke v. United Brotherhood of Carpenters and Joiners of Am.*, No. 1:11-cv-677, 2013 U.S. Dist. LEXIS 21703, at *17 (S.D. Ohio Feb. 15, 2013).

Here, Plaintiffs initial proposed amended complaint (Doc. 10) fails to cure the deficiencies in the original complaint and therefore would be dismissed for the same reasons. Namely, Plaintiffs' seek an Order from this Court that the state court judgment be voided and title to the property transferred to them. Thus, any review of the claims asserted in this context would require the court to review the specific issues addressed in the state court proceedings against them, as prohibited by the Rooker-Feldman doctrine. *Feldman,* 460 U.S. at 483–84 n. 16; *Catz,* 142 F.3d at 293. As such, Plaintiff's proposed amended complaint would be futile. Plaintiffs' second motion for leave to amend their complaint (Doc. 19) is also not-well taken. As noted by Defendants, Plaintiffs did not tender a proposed Amended Complaint with the second Motion. In addition, although Plaintiffs assert that the Amended Complaint seeks to add additional parties, and add one additional cause of action, Plaintiffs' fail to identify what additional parties Plaintiffs propose to add, or what cause of action Plaintiffs propose to assert. Accordingly, Plaintiffs' motions to amend should be denied.

### III. CONCLUSION

Accordingly, **IT IS THEREFORE RECOMMEDED THAT:** (1) Defendants' motions to dismiss (Docs. 12, 14, 25) be **GRANTED**; (2) Plaintiffs' motions to amend (Docs. 10, 19) be **DENIED**; (3) all remaining pending motions be DENIED as MOOT (Docs. 6, 18, 26); and 4) this matter **TERMINATED** on the active docket of this Court.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CARL-EUGENE PERTUSET, et al., | Case No. 1:14-cv-321 |
| Plaintiffs, | |
| vs. | Barrett, J. |
| | Bowman, M.J. |
| FARM CREDIT MID-AMERICA, et al., | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).